IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

KENDRICK WILEY                                                                                    PLAINTIFF
ADC #139566

V.                              NO: 5:17-CV-00244 DPM-PSH

KIMBERELY CHATMAN and
CHRIS BUDNIK                                                                                     DEFENDANTS

# PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Kendrick Wiley, an inmate at the Arkansas Department of Correction's Cummins Unit, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that defendant Kimberely Chatman falsified documentation in connection with a disciplinary action against Wiley and that defendant Warden Chris Budnik deprived him of a fair appeal. *See* Doc. No. 1 at 5. The undersigned finds that Wiley fails to describe facts sufficient to state a claim for relief and recommends dismissal of his complaint.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Wiley attempts to make a Fourteenth Amendment due process claim based on the disciplinary proceedings against him. According to Wiley's complaint, he was accused of a drug violation on April 28, 2017, and issued a disciplinary despite passing a urine test. Doc. No. 1 at 4. Wiley states he requested that a Corporal Everett be called as a witness on his behalf at his disciplinary hearing, but defendant Chatman told the hearing officer that Everett was on leave April 28, 2017. *Id.* at 4-5. Wiley claims Chatman's statement was false and prevented him from receiving a fair disciplinary hearing. *Id.* at 5. He then appealed the hearing decision to defendant Budnik. Wiley claims that Budnik failed

to conduct a proper investigation which deprived Wiley of a fair appeal decision. *Id.* Wiley does not state what punishment he received as a result of the disciplinary. He seeks defendants' demotions and money damages. *Id.*

To state a Fourteenth Amendment due process claim, a plaintiff must "demonstrate that he was deprived of life, liberty or property by government action." *Phillips v. Norris,* 320 F.3d 844, 846 (8th Cir. 2003). Wiley was not deprived of life or property; accordingly, he must identify the deprivation of a liberty interest to sustain a due process challenge to his prison disciplinary proceeding. *Id.* at 847; *Sandin v. Conner*, 515 U.S. 472, 484 (1995). A prisoner has no liberty interest in having certain procedures followed in the disciplinary process; rather, the liberty interest arises from the "nature of the prisoner's confinement."[1] *Phillips*, 320 F.3d at 847. "In order to determine whether an inmate possesses a liberty interest, we compare the conditions to which the inmate was exposed in segregation with those he or she could 'expect to experience as an ordinary incident of prison life.'" *Phillips*, 320 F.3d at 847 (quoting *Beverati v. Smith*, 120 F.3d 500, 503 (4th Cir. 1997)). Wiley does not describe how he was punished as a result of the disciplinary process; accordingly, he describes no change in conditions that could constitute the deprivation of a liberty interest.

For the reasons stated herein, it is recommended that:

---

[1] The Court further notes that a change in classification level does not implicate a liberty interest. *See Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994) (no federally protected right regarding classification); *Strickland v. Dyer,* 628 F. Supp. 180, 181 (E.D. Ark. 1986) (because Arkansas law does not protect a prisoner's right to any particular classification and there is no federally protected right regarding classification, ADC prisoner could not prevail on claim that he was deprived of due process due to disciplinary penalty of two-step class reduction). Additionally, while a prisoner may have a liberty interest in keeping good time credits he has already earned, he can only pursue the restoration of those good time credits in a federal habeas action, after he has exhausted all of his available remedies in state court. 28 U.S.C. § 2254; *Edwards v. Balisok*, 520 U.S. 641, 643–44; *Heck v. Humphrey,* 512 U.S. 477 (1994); *Portley–El*, 288 F.3d at 1066–67. Similarly, a prisoner cannot obtain damages for the loss of any wrongfully taken good time credits until his allegedly improper disciplinary convictions are reversed by the highest state court or in a federal habeas action. *Id.*

1.	Wiley's claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2.	Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3.	The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation or the accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 1st day of November, 2017.

_____
UNITED STATES MAGISTRATE JUDGE